UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>BEN GUTIERREZ, et al.,<br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-00970-APG-EJY<br><br>**THREE STRIKES ORDER** |

## I. DISCUSSION

Plaintiff Anthony Bailey is a prisoner proceeding pro se. On December 19, 2022, I issued an order deferring a decision on Bailey's application to proceed *in forma pauperis* and dismissing Bailey's complaint without prejudice because it included improperly joined claims. ECF No. 4. In my order, I noted that the rules regarding joinder were necessary, in part, to prevent inmates from circumventing the three strikes rule under PLRA. *Id.* at 4. On January 19, 2023, Bailey submitted an amended civil rights complaint (FAC). ECF No. 6. Because Bailey has four strikes and the allegations in the FAC do not support the imminent danger exception to the three strikes rule under the PLRA, I deny Bailey's application to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $402.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Not all unsuccessful cases qualify as a strike under § 1915(g)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). If an action or an appeal "was not

dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). "[D]ocket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g)." *Andrews*, 398 F.3d at 1121. "[T]he § 1915(g) calculation includes claims dismissed prior to the effective date of the statute"—April 26, 1996. *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997

"Dismissed appeals that rely on district court findings that the appeal was not taken in good faith are the equivalent of a finding of frivolity and therefore count as a strike under § 1915(g)." *Gipbsin v. Roth*, No. 18-cv-03164, 2020 WL 4364649, at *5 (E.D. Cal. July 30, 2020) (citing *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013)), *adopted by* 2020 WL 6196226 (E.D. Cal. Oct. 22, 2020); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (reaffirming *Knapp's* holding that "two dismissed appeals counted as strikes because they relied on district court findings that the appeal [was] not taken in good faith, and lack of good faith in this context has been held to be equivalent to a finding of frivolity" (internal quotation marks and citation omitted)). Moreover, "an appeal may count as a strike pursuant to [§] 1915(g) when the appellate court denies a prisoner [*in forma pauperis*] status on appeal on grounds of frivolousness 'even though [the appellate court] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.'" *Gipbsin*, 2020 WL 4364649, at *5 (quoting *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015)).

Bailey accumulated at least four strikes before bringing this action. On three separate occasions, the Ninth Circuit adopted the district court's finding that Bailey's appeal was not taken in good faith, denied him permission to proceed *in forma pauperis*, and then dismissed the appeal for failure to prosecute when he failed to pay the filing fee. *Bailey v. Gunderson et al.*,

2

No. 95- 17213, ECF Nos. 9, 14 (9th Cir. 1996); *Bailey v. Hunnell*, No. 98-15212, ECF Nos. 15, 17 (9th Cir. 1998); *Bailey v. Leonhardt et al.*, No. 02-16378, ECF Nos. 12, 15 (9th Cir. 2002).[1] These dismissals constitute strikes under 28 U.S.C. § 1915(g).[2] Bailey incurred a fourth strike on May 9, 2018, when a court in this district dismissed one of his civil rights actions "with prejudice because it [was] frivolous and cannot be cured by amendment." *Bailey v. Herndon*, No. 16-cv-02595, 2018 WL 2136356, at *1 (D. Nev. May 9, 2018).

In June 2022, a court in this district determined that Bailey had incurred four strikes, and dismissed his application to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). *Bailey v. Williams* No. 2:22-cv-00381-CDS-NJK, ECF No. 4, (D. Nev. 2022). When Bailey did not pay the filing fee, the case was dismissed. *Id.* at ECF No. 7. Bailey appealed the dismissal, and the Court of Appeals reviewed his notice of appeal. *Id.* at ECF No. 11. The Court of Appeals determined that the district court identified at least three strikes under 28 U.S.C. § 1915(g), and

---

[1] A court in this district previously determined that these cases constituted strikes. *Bailey v. Williams* No. 2:22-cv-00381-CDS-NJK, ECF No. 4, (D. Nev. 2022) (finding that each of these three cases constitutes a strike). I take judicial notice of that order.

[2] *See, e.g., Blackwell v. Jenkins*, No. 19-cv-00442, 2021 WL 825747, at *3 (E.D. Cal. Mar. 4, 2021) ("The district court certified that the appeal was not taken in good faith. The appellate court reviewed the record and confirmed that plaintiff was not entitled to IFP status. The appellate court later dismissed plaintiff's appeal for failure to prosecute when he failed to pay the filing fee. An appellate court's reliance on a district court's finding that an appeal was not taken in good faith is equivalent to a finding of frivolity. Even if the dismissal of an appeal occurs later for another reason, the rejection of IFP status because an appeal is frivolous counts as a dismissal and a strike for purposes of § 1915(g)." (internal quotation marks and citations omitted)), adopted by 2021 WL 1401836 (E.D. Cal. Apr. 14, 2021). *See also Morris v. Petersen*, No. 12-cv-02480, 2015 WL 4776088, at *2 (N.D. Cal. Aug. 13, 2015) (assessing strike where "district court certified that the appeal was not taken in good faith," and "[t]he Ninth Circuit agreed, required [plaintiff] to pay the full filing fee, and then dismissed the appeal when he failed to do so"); *Murillo v. McBride*, No. 11-cv-1560, 2014 WL 2858529, at *3 (S.D. Cal. June 23, 2014) (assessing strike where district court "determined that the appeal was not filed in good faith," and "the Ninth Circuit agreed that [p]laintiff's appeal was not taken in good faith," "denied [p]laintiff's motion to proceed IFP on appeal," and then dismissed the appeal "for failing to prosecute" when plaintiff "failed to pay the filing fee").

denied Bailey permission to proceed because his appeal was "so insubstantial as to not warrant further review." *Id.*

Because Bailey accumulated four strikes before filing this action, he may not proceed *in forma pauperis* unless he was "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (holding that availability of imminent-danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time"). The imminent-danger exception "functions as a limited safety valve for a prisoner who has exhausted his three strikes but nevertheless faces imminent danger [of serious physical injury] stemming from the violations of law alleged in his complaint." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

Bailey has not satisfied the imminent-danger exception. His handwriting is difficult to read, but he appears to allege that in July 2021, Rangel prevented him from attending a telephonic court hearing by pointing a weapon at him. ECF No. 6. Rangel then falsely told the court that Bailey refused to participate in the hearing. Bailey alleges that Rangel's actions negatively affected his court case, and that Rangel was acting in retaliation for Bailey's prior lawsuits. Nothing in the FAC supports that Rangel's actions in July 2021 placed Bailey "under imminent danger of serious physical injury" either when he initiated this action or when he filed the FAC. Because Bailey has accumulated at least four strikes and has failed to satisfy the imminent-danger exception, he must prepay the $402.00 filing fee in full to proceed with this action.

/ / / /

/ / / /

4

## II. CONCLUSION

I therefore order that Bailey's application to proceed *in forma pauperis* **(ECF No. 1) is denied.**

I further order that this case will be dismissed without prejudice unless Bailey pays the $402.00 filing fee in full within 30 days of entry of this order.

I further order the Clerk of the Court to send Bailey two copies of this order. Bailey shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

I further order the Clerk of the Court to retain the FAC (ECF No. 6) but not file it at this time.

Dated: April 17, 2023

_____
U.S. District Judge