UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Bailey, | Case No.: 2:22-cv-00970-APG-EJY |
| Plaintiff | **Order Denying Motion** |
| v. | [ECF No. 8] |
| Ben Gutierrez, et al., | |
| Defendants | |

On April 17, 2023, I denied plaintiff Anthony Bailey's application to proceed *in forma pauperis* because he has accumulated four strikes under the PLRA. ECF No. 7 at 1. I found that Bailey's appeals in *Bailey v. Gunderson et al.*, No. 95- 17213; *Bailey v. Hunnell*, No. 98-15212; and *Bailey v. Leonhardt et al.*, No. 02-16378 each constitutes a strike. *Id.* at 2-3. I also found that Bailey accumulated a fourth strike in *Bailey v. Herndon*, No. 16-cv-02595, 2018 WL 2136356. *Id.* at 3. Finally, I noted that in *Bailey v. Williams*, No. 2:22-cv-00381-CDS-NJK, ECF No. 4, (D. Nev. 2022) a court in this district had previously determined that those cases count as strikes, and that the Ninth Circuit denied Bailey's appeal in that case. *Id.* at 3-4.

Following my order, Bailey filed a motion. ECF No. 8. Bailey's motion is very difficult to understand, and it does not clearly state what he is seeking. *Id.* Bailey appears to request certified copies of the dismissal orders for his appeals in *Bailey v. Gunderson et al.*, *Bailey v. Hunnell*, and *Bailey v. Leonhardt*, so that he can prove that they should not count as strikes. ECF No. 8 at 6. Bailey also appears to allege that he is not the Bailey in *Bailey v. Herndon*, so that case should not count as a strike. *Id.*

As to *Bailey v. Herndon*, the application to proceed *in forma pauperis* that was filed in that case was for an Anthony D. Bailey with the prison identification number 0036192. *See* Case

No. 2:16-cv-02595-JAD-CWH at ECF No. 5. That is the same name and prison identification that is on Bailey's application to proceed *in forma pauperis* in this case. But even assuming that Bailey is correct and that somehow someone else initiated that case in his name and without his knowledge, the three strikes from Bailey's appeals would still apply. Thus, Bailey still could not proceed *in forma pauperis* in this case.

As to Bailey's appeals, Bailey appears to argue that those appeals should not be counted as strikes because the orders dismissing them did not specifically identify them as strikes or specifically state that they were being dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. ECF No. 8 at 5-6. Bailey appears to request that I order certified copies of the dismissal orders in those cases so that he can prove that they are not strikes.

The PLRA does not require that a dismissal order specifically state that the dismissal constitutes a strike. In fact, even cases that were filed before the PLRA was enacted can count as strikes. *See Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997). The question is not whether the court order dismissing a case or an appeal specifically states that the dismissal is a strike. Rather, the question is whether the case or appeal was dismissed for being frivolous, malicious, or failing to state a claim.

As I explained in my previous order, "dismissed appeals that rely on district court findings that the appeal was not taken in good faith are the equivalent of a finding of frivolity and therefore count as a strike under § 1915(g)." *Gipbsin v. Roth*, No. 18-cv-03164, 2020 WL 4364649, at *5 (E.D. Cal. July 30, 2020) (citing *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013)), *adopted by* 2020 WL 6196226 (E.D. Cal. Oct. 22, 2020); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (reaffirming *Knapp's* holding that "two dismissed appeals

counted as strikes because they relied on district court findings that the appeal [was] not taken in good faith, and lack of good faith in this context has been held to be equivalent to a finding of frivolity" (internal quotation marks and citation omitted)). Moreover, "an appeal may count as a strike pursuant to [§] 1915(g) when the appellate court denies a prisoner [*in forma pauperis*] status on appeal on grounds of frivolousness 'even though [the appellate court] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.'" *Gipbsin*, 2020 WL 4364649, at *5 (quoting *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015)).

In each of the three appeals, the Ninth Circuit adopted the district court's finding that Bailey's appeal was not taken in good faith, denied him permission to proceed *in forma pauperis*, and dismissed the appeal for failure to prosecute when he did not pay the filing fee.[1] Thus, each of those appeals constitutes a strike. Because the docket records of these cases establish that they count as strikes, copies of the orders dismissing the cases are not necessary. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("[D]ocket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g).")

I THEREFORE ORDER that Bailey's motion for copies of the dismissal orders in *Bailey v. Gunderson et al.*, No. 95- 17213; *Bailey v. Hunnell*, No. 98-15212; and *Bailey v. Leonhardt et al.*, No. 02-16378 **(ECF No. 8) is DENIED.**

I FURTHER ORDER the Clerk of the Court to send Bailey the order denying his application to proceed *in forma pauperis* in *Bailey v. Williams*, No. 2:22-cv-00381-CDS-NJK at ECF No. 4.

---

[1] The order denying Bailey's application to proceed *in forma pauperis* in *Bailey v. Williams*, No. 2:22-cv-00381-CDS-NJK, attached the docket records from each of the three appeals in question. I take judicial notice of that order. Bailey previously received that order and the attached docket records. However, for Bailey's benefit, I will direct the Clerk of the Court to resend him a copy of that order, including the attached docket records.

I FURTHER ORDER that I extend the deadline for Bailey to pay the $402 filing fee until July 14, 2023. This case will be dismissed without prejudice unless Bailey pays the filing fee in full by that deadline.

DATED this 10th day of June, 2023.

                                                                  _____
                                                                  ANDREW P. GORDON
                                                                  UNITED STATES DISTRICT JUDGE